IN THE UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS A. MORENO, RHINA R. ROSARIO on their own and as the legal representatives of the conjugal partnership constituted by them.<br><br>PLAINTIFFS<br><br>V.<br><br>DORAL FINANCIAL CORP., DORAL MORTGAGE CORP., AND/OR DORAL MORTGAGE, LLC., INSURANCES COMPANIES A, B AND C AND DEFENDANTS X, Y AND Z.<br><br>DEFENDANTS | CIV. NO. 09-1284 (JP)<br><br><br>TRUTH-IN-LENDING ACT<br><br><br><br>TRIAL BY JURY |

## RESPONSE TO MOTION SEEKING ABSTENTION AND DISMISSAL OR STAY OF THE COMPLAINT

TO THE HONORABLE COURT:

NOW COME the plaintiffs through the undersigned counsel, and very respectfully allege, state and pray:

I. INTRODUCTION:

1. On May 26, 2009 Defendants filed a motion requesting abstention and dismissal or stay of the complaint in the instant case. Docket 8. Defendants are essentially arguing that, since plaintiffs have presented a case in the Superior Court of San Juan which allegedly involves the same transaction, parties and remedies, this Honorable Court should abstain from assuming its jurisdiction over the complaint of this case, and stay the proceeding.1 Defendants request this

---

1 Defendants do not attached copy of the mentioned complaint, neither do defendants describe the allegations and remedies sought at the state court. Attached copy of the complaint in the

1

Honorable Court to apply an abstention doctrine that Defendants do not even describe with specificity in their motion.

2.  Defendants' motion should be denied because no abstention doctrine is applicable in this case since the complaint in state court is based on a different law and cause of action, and requests totally different remedies. Exhibit 1. In the state court complaint, torts action under under Articles 1802 and 1803 of the Puerto Rico Civil Code (31 L.P.R.A. 5141 and 5142), Plaintiffs only request emotional and economic damages under the PR Civil Code, while in the instant case Defendants request different remedies, those exclusively provided for by the federal law known as the Truth in Lending Act (15 U.S. C Sec. 1601 et seq). Furthermore, even if we assume for the sake of the argumentation that an abstention doctrine would apply in the case, the factors to justify an abstention are not met in the case.

II.  ARGUMENT:

3.  The application of the doctrine of abstention, in any of its forms, takes for granted that the **same matter is being litigated in the federal and the state court at the same time.** If the same matter is not being litigated, the Federal Court does not have to abstain to entertain in the controversy. Generally, the rule is that "the pendency of an action in the state court is no bar to proceedings **concerning the same matter** in the Federal court having jurisdiction . . . ." McClellan v. Carland, supra, 217 U.S. at 282, 30 S.Ct. at 505, 54 L.Ed., at 767. See Donovan v. City of Dallas, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964).

4.  As we stated before, none of the abstention doctrines is applicable in this case since the complaint in state court is based on a different law and cause of action, and requests totally different remedies. Exhibit 1. In the state court complaint, torts action under Articles 1802

---

Civil Case KDP2008-1023 (805). Exhbit 1.

and 1803 of the Puerto Rico Civil Code (31 L.P.R.A. 5141 and 5142), Plaintiffs only request emotional and economic damages under the PR Civil Code, while in the instant case Defendants request different remedies, those exclusively provided for by the federal law known as the Truth in Lending Act (15 U.S. C Sec. 1601 et seq). In the Complaint of this case, Plaintiffs do not request emotional and economic damages, but declaratory, injunctive and equitable relief releasing Plaintiffs of any liability whatsoever to Defendants and vesting the ownership of the property in the Plaintiffs without any obligation whatsoever on their part to pay; twice the finance charges, reimbursement of all fees, interests and costs paid and expended in a consumer credit transaction and costs and attorney's fees; and specific statutory damages. The Truth in Lending Act (15 U.S. C Sec. 1601 et seq) exclusively provides these remedies, which are not available under the PR Civil Code. On the other hand, the legal factors to find defendants liable under both applicable laws are different and unchangeable.

5. The only abstention theory arguably applicable in this case is the one established by the Supreme Court in the case of Colorado River Water Conservation Dist. v. U. S. 424 U.S. 800 (1976) also known as the *Colorado River abstention.* Abstention from the exercise of federal jurisdiction is the exception, not the rule, but the Colorado River Abstention is even more limited than the other forms of abstention. See, Colorado River Water Conservation Dist. v. U. S.424 U.S. at 819; U.S. v. Fairway Capital Corp. 483 F.3d 34, 41 C.A.1 (R.I.), 2007; Rio Grande Community Health Center, Inc. v. Rullan; 397 F.3d 56, 71 C.A.1 (Puerto Rico), 2005. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional

circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." See, Colorado River Water Conservation Dist. v. U. S.424 U.S. at 813 [Citing CCounty of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163, 1166 (1959)] "(I)t was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it." See, Colorado River Water Conservation Dist. v. U. S.424 U.S. at 813 [Citing Alabama Pub. Serv. Comm'n. v. Southern R. Co., 341 U.S. 341, 361, 71 S.Ct. 762, 774, 95 L.Ed. 1002, 1015 (1951) (Frankfurter, J., concurring in result)]

6. In U.S. v. Fairway Capital Corp. supra, at 41, the First Circuit said the following about the Colorado River Abstention:

"In *Colorado River,* the Supreme Court held that in certain circumstances, a court may abstain from hearing a case "due to the presence of a concurrent state proceeding for reasons of wise judicial administration." 424 U.S. at 818, 96 S.Ct. 1236. We have emphasized that these circumstances are quite limited, and that there is a "heavy presumption favoring the exercise of jurisdiction." Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 13 (1st Cir.1990)."

7. An eight factors tests has been created to consider whether such limited circumstances exist:

(1) whether either court has assumed jurisdiction over a *res;*
(2) the inconvenience of the federal forum;
(3) the desirability of avoiding piecemeal litigation;
(4) the order in which the forums obtained jurisdiction;
(5) whether state or federal law controls;
(6) the adequacy of the state forum to protect the parties' interests;
(7) the vexatious or contrived nature of the federal claim; and
(8) respect for the principles underlying removal jurisdiction.

U.S. v. Fairway Capital Corp. supra, at 41; KPS & Assocs. v. Designs by FMC, Inc., 318 F.3d 1, 10 (1st Cir.2003). These factors are not "exhaustive, nor is any one factor necessarily determinative." *Id.* Where a district court has declined to exercise its discretion to abstain from

hearing a case under *Colorado River* doctrine, the review is for abuse of discretion. Río <u>Grande Cmty. Health Ctr., Inc. v. Rullán, 397 F.3d 56, 68 (1st Cir.2005)</u>.

8. The factors in the instant case weight in favor of the exercise of federal jurisdiction. As to first factor, it is not applicable because no jurisdiction over *res* is in play in this case and, even if it were, the remedies regarding the plaintiffs' property are not being requested at the state court, but at the federal complaint. The federal forum is obviously convenient and adequately protects the parties' interests. All parties and witnesses are in PR, the events took place in PR and the remedies sought are available under the federal law, not under the law asserted at the state court. There is no risk of piecemeal litigation because the allegations are based in different laws and cause of actions.

9. The fourth and fifth factors are neither applicable in this case because each forum has obtained jurisdiction of different causes of action and different laws controls each case, but even on the contrary, federal court first obtained jurisdiction over the federal claim, the one that controls the litigation.

10. Finally, the federal claim is not brought with the intention of annoying, but to request a clearly established cause of action and clearly established federal remedies that were not sought ate the state court.

WHEREFORE, Plaintiffs respectfully request from this Honorable Court to deny defendants' motion to dismiss.

I HEREBY CERTIFY that on June 5, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system which will sent notification of such filing to the

following: Viviana Rodriguez-Ortiz and Jennifer Odell, 33 Bolivia Street, Suite 701, San Juan, PR 00917-2010.

In San Juan, Puerto Rico, this 5th day of June 2009.

    S/Manuel Durán-Rodríguez
    MANUEL DURAN-RODRIGUEZ, ESQ.
    USDC- PR No.204512
    MANUEL DURAN LAW OFFICE
    1139 AMERICA MIRANDA AVE.
    SAN JUAN, PUERTO RICO 00921
    TEL. (787) 781-7373
    FAX (787) 781-7771
    Mduranlaw@aol.com

In San Juan, Puerto Rico, this 26TH day of March 2009.

    S/Manuel Durán-Rodríguez
    MANUEL DURAN-RODRIGUEZ, ESQ.
    USDC- PR No.204512
    MANUEL DURAN LAW OFFICE
    1139 AMERICA MIRANDA AVE.
    SAN JUAN, PUERTO RICO 00921
    TEL. (787) 781-7373
    FAX (787) 781-7771
    Mduranlaw@aol.com