IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS A. MORENO, et al.,

Plaintiffs

v.

DORAL FINANCIAL CORP., et al.,

Defendants

CIVIL NO. 09-1284 (JP)

**OPINION AND ORDER**

Before the Court is Defendants Doral Financial Corp. and Doral Mortgage Corp.'s motion for abstention and dismissal of the complaint (**No. 8**) and Plaintiffs Carlos Moreno, Rhina Rosario and their conjugal partnership's opposition thereto (No. 10). Plaintiffs filed the instant complaint alleging claims pursuant to the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. Defendants argue that the Court should abstain from hearing the complaint because Plaintiffs have also filed a separate state court action containing similar allegations. For the reasons stated herein, Defendants' motion for abstention is hereby **DENIED.**

## I. INTRODUCTION AND BACKGROUND

Plaintiffs allege that on March 26, 2008, they closed a mortgage transaction with Defendants. At the closing, Plaintiffs were provided, pursuant to 15 U.S.C. § 1635, with a document known as a "Notice of Right to Rescission" or "Notice of Right to Cancel." On

the same day that the closing documents were signed, Plaintiffs exercised their right to rescind the transaction by sending Defendant by certified mail, return receipt requested, the appropriate forms informing Defendant of their decision to cancel the transaction.

As a result of their rescission, Plaintiffs allege that the mortgage agreement is void pursuant to 15 U.S.C. § 1635(b).[1] However, Defendants have refused to cancel the transaction, have continued billing Plaintiffs, and have informed credit reporting agencies that Plaintiffs' payments on the account are delinquent, resulting in negative reports in Plaintiffs' credit history.

Prior to filing the instant complaint, Plaintiffs also filed a complaint against Defendants in the Superior Court of San Juan. Plaintiffs' state court complaint relates to the same transaction as the instant complaint, but invokes different laws as a basis for recovery. Specifically, the state court complaint is based upon Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141-5142.

---

1. 15 U.S.C. § 1635(b) provides:

> When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

Defendants argue that the Court should abstain from exercising jurisdiction in the instant action. Defendants list several abstention doctrines in their motion, but do not provide developed argumentation explaining why each doctrine would apply to the instant case. Of the doctrines mentioned by Defendants, the one that warrants consideration of its applicability in this case is the doctrine commonly referred to as Colorado River abstention. Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800 (1976).

## II. THE COLORADO RIVER DOCTRINE

The Colorado River doctrine permits a federal court to abstain from exercising jurisdiction over a case where parallel proceedings are ongoing in a state forum. The principle purpose of the Colorado River doctrine is to avoid duplicative litigation when concurrent lawsuits involving the same issues are filed in federal and state courts. See Colorado River, 424 U.S. at 817. This abstention doctrine is based on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 14-15 (1983) (quoting Colorado River, 424 U.S. at 817). Federal courts, however, have an obligation to exercise the jurisdiction bestowed upon them by the Constitution and Congress, and, therefore, surrendering jurisdiction under the Colorado River doctrine is allowed only in "exceptional

circumstances." Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 947 F.2d 529, 532 (1st Cir. 1991).

In Colorado River, the U.S. Supreme Court listed four factors that federal courts should weigh when determining whether or not to abstain from hearing a case in an effort to prevent duplicative litigation in state and federal courts. The factors are: (i) whether property is involved in the litigation and another court has already exercised jurisdiction over it; (ii) whether the federal forum is inconvenient; (iii) whether staying or dismissing the suit would avoid piecemeal litigation; and (iv) whether jurisdiction was obtained in the state forum first. See Colorado River, 424 U.S. at 818-19. Subsequently, courts have added four additional factors for consideration: (v) whether state or federal law controls the action; (vi) whether the state forum will adequately protect the interests of the parties; (vii) the vexatious or contrived nature of the federal claim; and (viii) respect for the principles underlying removal jurisdiction. See Moses H. Cone, 460 U.S. at 25-26; KPS & Associates, Inc. v. Designs by FMC, Inc., 318 F.3d 1, 10 (1st Cir. 2003).

Because dismissals or stays should be ordered only in exceptional circumstances, the district court approaches the weighing of the relevant factors "with the balance heavily weighted in favor of the exercise of jurisdiction." Id. at 16. As observed by the First Circuit, the Colorado River/Moses H. Cone standard suggests

that "there will be rare cases in which 'exceptional circumstances' will exist justifying stay or dismissal because of a concurrent state proceeding." González v. Cruz, 926 F.2d 1, 3 (1st Cir. 1991).

**III. ANALYSIS**

In the instant case, Defendants argue that the Court should abstain from exercising jurisdiction because doing so while the related state court case is pending would create duplicative litigation. The Court will now proceed to consider Defendants' arguments in light of the Colorado River factors.

With regard to the first factor, there is a property involved in the instant case because the case relates to a mortgage for real estate. However, the state court has not exercised jurisdiction over said property, because in the state court case Plaintiffs only request damages and related costs arising from the dispute. The state court complaint does not request any remedies that would require the state court to exercise jurisdiction over the property. Therefore, the first factor does not support abstention.

With regard to the second factor, both forums are equally convenient because the federal and state forums are both located in the San Juan metropolitan area of Puerto Rico. Because the federal forum is not inconvenient, the second factor does not support abstention.

The third factor considers whether staying or dismissing the suit would avoid piecemeal litigation. Here, the claim asserted in

the federal suit cannot be resolved in the state court case because it is based upon a federal statute, the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. Because this claim must be resolved in a federal court, staying or dismissing the instant case would not avoid piecemeal litigation. Rather, it would merely postpone resolution of the instant dispute unnecessarily. Therefore, the third factor weighs against abstention.

The fourth factor asks whether jurisdiction was obtained in the state forum first. Here, that is the case because the state court action was filed prior to the federal action. Therefore, the fourth factor weighs in favor of abstention.

With regard to the fifth factor, the controlling law in the instant action is federal law. It is therefore appropriate for a federal court to hear the case, and this factor weighs against abstention.

The sixth factor asks whether the state forum will adequately protect the interests of the parties. Here, the state forum will adequately protect the interests of the parties with regard to the state claims, but will not offer any resolution of the federal claim. Because the state court cannot resolve the federal claim, abstaining from hearing the instant case would leave Plaintiffs without the possibility of recovering on their federal law claim. Thus, overall, the state forum would not adequately protect the interests of the parties.

With regard to the seventh factor, there is no indication that Plaintiffs' motives for filing the federal action are vexatious or contrived. Plaintiffs' complaint appears to invoke a federal law that squarely applies to the alleged facts, and Defendants have not raised any arguments showing an improper motive. It would have been more efficient for Plaintiffs to bring their federal claim first with the state claims as supplemental claims in the same action, but the choice not to do so does not rise to the level of being vexatious. Therefore, the seventh factor weighs against abstention.

Finally, the eighth factor is inapplicable here because the instant case was not removed from state court. Rather, this action was filed directly in federal court. Therefore, there is no issue as to respect for the principal of removal jurisdiction. Because six of the eight factors established in Colorado River and its progeny weigh against abstention, the Court will not abstain from hearing the instant case.

## IV. CONCLUSION

In conclusion, the Court **DENIES** Defendants' motion for abstention and dismissal of the complaint.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of March, 2010.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE