```
                    IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| CARLOS A. MORENO, et al.,<br><br>          Plaintiffs<br><br>              v.<br><br>DORAL FINANCIAL CORP., et al.,<br><br>          Defendants | CIVIL NO. 09-1284 (JP) |

**OPINION AND ORDER**

Before the Court are Defendant Doral Financial Corporation's ("Doral") motion for summary judgment (**No. 30**), Plaintiffs' opposition thereto and cross motion for partial summary judgment (**No. 35**), and Defendant's opposition to Plaintiffs' cross motion for partial summary judgment (No. 45). Plaintiffs brought the instant action pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* Specifically, Plaintiffs are claiming violations of 15 U.S.C. § 1635 and its implementing regulations at 12 C.F.R. § 226 *et seq.* ("Regulation Z"). For the reasons stated herein, Defendant's motion for summary judgment is hereby **DENIED** and Plaintiffs' motion for partial summary judgment is hereby **GRANTED**.

**I.**

**MATERIAL FACTS NOT IN GENUINE ISSUE OR DISPUTE**

The following facts are deemed uncontested ("UMF") by the Court because they were included in the motions for summary judgment and

CIVIL NO. 09-1284 (JP)          -2-

opposition and were agreed upon, or they were properly supported by evidence and not genuinely opposed.

1. On March 23, 2003, Plaintiffs purchased the property identified in the Complaint as Plaintiffs' principal dwelling. Plaintiffs obtained a mortgage loan from the Mortgage Store of Puerto Rico, in the amount of $123,100.00 and signed a Promissory Note to this effect ("2003 transaction").

2. The Promissory Note is guaranteed by First Mortgage Deed Number 76 of March 23, 2003, sworn before Notary Ahmed Arroyo Romeu encumbering Plaintiffs' principal dwelling.

3. This Promissory Note was subsequently transferred to RG Mortgage Corp. ("RG") which thereby became the creditor of the note.

4. On Plaintiffs' initiative, on March 26, 2008, Plaintiffs and Doral held a closing to refinance the previously mentioned debt with RG (which at that moment had a balance of $114,345.75) and to consolidate other personal debts ("2008 transaction").

5. On March 28, 2008, Plaintiffs sent their right to cancel and/or rescind notice for the March 26 transactions with Doral.[1]

---

1. It is undisputed Plaintiffs sent in two notices rescinding and/or cancelling loans 3007048389 and 3007107729. However, it is not clear if only one or both of the loans were related to the refinancing of the 2003 transaction.

CIVIL NO. 09-1284 (JP)             -3-

    6.    The notice of rescission and/or cancellation was received by Doral via certified mail on March 31, 2008.

    7.    On the same date, as per the terms of the closing, Doral effectively disbursed to RG the $114,354.75 Plaintiffs owed to RG under the Promissory Note.

    8.    By July 2008, Defendant was making legal collection efforts against Plaintiffs related to loans number 3007048389 and 3007107729.

    9.    Defendant wants Plaintiffs to pay $756.00 monthly when they were paying $700.00 monthly to RG. Therefore, the terms and conditions that Defendant tried to impose were different.

    10.    As recent as May 24, 2010, Defendant kept affecting Plaintiffs' record in the credit history companies.

**II.**

**LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT**

Summary judgment serves to assess the proof to determine if there is a genuine need for trial. <u>Garside v. Osco Drug, Inc.</u>, 895 F.2d 46, 50 (1st Cir. 1990). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact and the moving party is entitled to judgment

CIVIL NO. 09-1284 (JP)          -4-

as a matter of law." Fed. R. Civ. P. 56(c); see also Zambrana-Marrero v. Suárez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999) (stating that summary judgment is appropriate when, after evaluating the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial worthy issue as to some material fact"); Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993); Canal Ins. Co. v. Benner, 980 F.2d 23, 25 (1st Cir. 1992). The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In this way, a fact is material if, based on the substantive law at issue, it might affect the outcome of the case. See Mack v. Great Atl. and Pac. Tea Co., Inc., 871 F.2d 179, 181 (1st Cir. 1989).

On a summary judgment motion, the movant bears the burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the burden shifts to the opposing party who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material fact for trial.

See Anderson, 477 U.S. at 248; Celotex, 477 U.S. at 324; Goldman, 985 F.2d at 1116.

### III.

### **ANALYSIS**

Defendant argues that summary judgment is appropriate because: (1) even if Plaintiffs properly rescinded their 2008 transaction with Defendant under TILA, Plaintiffs are still liable for the amount owed in relation to the 2003 transaction; and (2) Defendant is entitled to the bona fide error defense found in 15 U.S.C. § 1640(c). Plaintiffs counter that Defendant's summary judgment motion should be denied because it is irrelevant in this case whether Plaintiffs are still liable for the 2003 transaction and because Defendant does not meet the requirements for the bona fide error defense. Plaintiffs also request summary judgment on the issue of liability arguing that it is uncontested that Defendant did not comply with TILA when it failed to take the necessary steps to reflect the termination of the 2008 transaction. The Court will now consider the parties' arguments.

A.   **Relevance of 2003 Transaction**

Defendant argues that in the complaint Plaintiffs are claiming that their debt related to the 2003 transaction was extinguished when Plaintiffs rescinded their 2008 transaction (No. 1, ¶ 15). Defendant states that summary judgment should be granted because TILA does not provide the relief allegedly requested by Plaintiffs. Rescission

CIVIL NO. 09-1284 (JP)          -6-

under TILA would only serve to return Plaintiffs to the same position they were in prior to the rescinded 2008 transaction. That is Plaintiffs would still owe $114,345.75 for the 2003 transaction. UMF 4. Also, Defendant argues that the promissory note for the 2003 transaction was subsequently transferred to Defendant and therefore Plaintiffs owe the remaining money to Defendant. As such, Defendant argues that summary judgment should be granted because in effect Defendant is attempting to collect on the remaining balance of the 2003 transaction. American Residential Mortgage, LP v. Thayer (In re Thayer), 384 B.R. 546 (8th Cir. BAP 2008).

Plaintiffs counter that the 2003 transaction is completely irrelevant to the instant action. They argue that the only issue before the Court is whether Defendant did not comply with TILA by failing to reflect the cancellation of the 2008 transaction.

After considering the arguments, the Court agrees with Plaintiffs. An examination of the complaint shows that at no point are Plaintiffs requesting the rescission or invalidation of the 2003 transaction. Contrary to Defendant's suggestion, Plaintiffs are not claiming that they are not liable for the pending balance of the 2003 transaction by virtue of their cancellation and/or rescission of the 2008 transaction. From the record, it appears that the issue of the 2003 transaction has only been raised in the state court proceedings (No. 41-1). As explained by Plaintiffs, the issue before this Court is whether Defendant complied with its duties under TILA in regards

CIVIL NO. 09-1284 (JP) -7-

to its alleged failure to reflect the cancellation of the 2008 transaction.[2]

Furthermore, even if the 2003 transaction were properly before the Court, Defendant's motion for summary judgment would still fail on this issue because the In re Thayer decision would be inapplicable. In said decision, the debtor executed a promissory note and a mortgage with a creditor, American Residential Mortgage ("American"), in 2002. In re Thayer, 384 B.R. at 549. American then assigned its interest under the note and mortgage to another creditor, TCF Mortgage Corp. ("TCF"). Id. In 2003, debtors executed a second note and mortgage with American in order to refinance and pay-off their original note. Id. Within three days, the debtors completed the notice of right to cancel their second transaction. Id. However, American transferred the funds to TCF and paid-off the original note. Id. Instead of returning the money, TCF assigned its rights under the original note and mortgage to American. Id. The Court determined that it was appropriate for TCF to transfer the original note to American. Id. at 552.

In re Thayer is distinguishable because there is no admissible evidence here that terms and conditions of 2003 transaction remained the same after the note was transferred to Defendant. In reaching its decision, the In re Thayer court relied on the fact that the transfer

---

2. As such, In re Thayer is inapplicable because, unlike in said case, here the debtors are not arguing that they do not have to pay the balance of the original loan, the 2003 transaction. In re Thayer, 384 B.R. at 551.

CIVIL NO. 09-1284 (JP)          -8-

of the original note did not alter the terms of the original note and the debtors did not suffer in any manner as a result of the transfer. Id. at 552. On the other hand, Plaintiffs here do suffer and have had the terms altered because Defendant wants Plaintiffs to pay $756.00 monthly when they were paying $700.00 monthly to RG. UMF 9. The only evidence that Defendant attempted to submit that the terms of the 2003 transaction had not been altered by the transfer was a Spanish language affidavit (No. 31-7). However, said affidavit is not admissible since Defendant failed to comply with Local Rule 5(g) when it did not submit a certified English translation of the document.[3] Accordingly, the Court determines that Defendant's motion for summary judgment on this issue fails.

**B.   TILA**

Plaintiffs argue that their cross motion for partial summary judgment should be granted because Defendant has failed to timely take the necessary steps reflecting the termination of 2008 transaction as mandated by TILA. Defendant counters that it took reasonable steps and that the bona fide error defense shields it from liability.

---

3.   The Court notes that it granted a motion (No. 32) by Defendant to file said document in the Spanish language and granted Defendant until August 25, 2010 to file a certified English translation (No. 38). No translation was ever filed. Similarly, Defendant never filed a certified English translation to the document located at docket number 31-6.

CIVIL NO. 09-1284 (JP)            -9-

### 1.   TILA Liability

Plaintiffs argue that summary judgment should be granted because Defendant violated 15 U.S.C. § 1635(b) when it failed to timely reflect the termination of the 2008 transaction. Defendant counters that it need not complete the termination within twenty days and that its actions in this case do not constitute a violation of TILA.

> Pursuant to TILA:
>
> [w]hen an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. **Within 20 days after receipt of a notice of rescission**, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and **shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction**.

15 U.S.C. § 1635(b) (emphasis added). The process of reflecting the termination must be commenced, but does not have to be completed within the 20 day window provided for in Section 1635. See Personius v. Homeamerican Credit, 234 F. Supp. 2d 817, 819-20 (N.D.Ill. 2002). A court may award relief under 15 U.S.C. § 1640 to a debtor when a creditor violates Section 1635(b). 15 U.S.C. § 1635(g). Under Section 1640, a debtor may be awarded damages, costs, and attorneys' fees. 15 U.S.C. § 1640(a).

After considering the arguments and evidence, the Court determines that Plaintiffs are entitled to summary judgment on the

CIVIL NO. 09-1284 (JP)          -10-

issue of liability under Section 1635(b). It is uncontested that Defendant did not take the necessary action to reflect the termination of 2008 transaction within 20 days of receiving the notice. Defendant received the notice of rescission on March 31, 2008. UMF 6. On the same date, Defendant disbursed the amount owed to RG for the 2003 transaction. UMF 7.

Defendant claims that thereafter it took all the necessary steps to terminate the 2008 transaction in compliance with TILA. Specifically, Defendant argues that it quickly attempted to reverse the disbursement of funds to RG and, when Defendant was unable to reverse said disbursement, it took over RG's right to collect on the 2003 transaction. Unfortunately for Defendant, its arguments are not supported by the evidence before the Court. In support of Defendant's claim that it took all necessary action to reverse the disbursement of funds to RG, Defendant cited to a Spanish language document found at docket number 31-6. No certified English translation was ever provided.[4] As such, the Court does not have before it any evidence that Defendant took any action to reverse the disbursement to RG within 20 days.

On the other hand, it is uncontested that, as of July 2008, Defendant had not even reflected the termination of the 2008

---

4.  The Court notes that the Spanish language document itself does not support any finding that Defendant took any action to reverse the disbursement to RG. Instead, it is only a letter, dated April 14, 2008, to Plaintiffs from RG informing them that the balance of the 2003 transaction had been paid-off.

CIVIL NO. 09-1284 (JP)			-11-

transaction in its own records since Defendant was attempting to collect on the 2008 transaction that had been rescinded months before. UMF 8. Said uncontested fact, without any other evidence to the contrary, shows that Defendant had not taken the necessary action to reflect the termination of the 2008 transaction within 20 days of the rescission. Accordingly, the Court **GRANTS** Plaintiffs' motion for partial summary judgment and determines that Defendant violated 15 U.S.C. § 1635(b).

### 2. Bona Fide Error Defense

Defendant argues that it is entitled to summary judgment based on the bona fide error defense found in 15 U.S.C. § 1640(c). Under the bona fide error defense, a creditor will not be held liable in an action brought under 15 U.S.C. § 1635 when:

> the creditor . . . shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1640(c).

Defendant's argument fails. No evidence has been presented that Defendant's violation of TILA was not intentional, that said violation resulted from a bona fide error, or that Defendant had any procedures reasonably adopted to avoid such error. Accordingly, Defendant's motion for summary judgment is hereby **DENIED**.

CIVIL NO. 09-1284 (JP)          -12-

**IV.**

**CONCLUSION**

In conclusion, the Court **DENIES** Defendant Doral's motion for summary judgment and **GRANTS** Plaintiffs' partial motion for summary judgment.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of June, 2011.

                                          S/JOSE ANTONIO FUSTE
                                            JOSE ANTONIO FUSTE
                                  UNITED STATES DISTRICT JUDGE